

**ORDERED in the Southern District of Florida on March 27, 2014.**

A. Jay Cristol, Judge
United States Bankruptcy Court

_____

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| In re:<br>FISHER ISLAND INVESTMENTS, INC.<br>        Alleged Debtor.<br>_____/ | Case No.  11-17047-AJC<br>Chapter 11 (Involuntary) |
| In re:<br>MUTUAL BENEFITS OFFSHORE FUND, LTD.,<br>        Alleged Debtor.<br>_____/ | Case No.: 11-17051-AJC<br>Chapter 11 (Involuntary) |
| In re:<br>LITTLE REST TWELVE, INC.,<br>        Alleged Debtor.<br>_____/ | Case No.: 11-17061-AJC<br>Chapter 11 (Involuntary) |
| FISHER ISLAND INVESTMENTS, INC.,<br>MUTUAL BENEFITS OFFSHORE FUND,<br>LTD., and LITTLE REST TWELVE, INC., | Adv Pro. No.: 13-1835-AJC<br>13-1836-AJC<br>13-1837-AJC |

        Plaintiffs,
v.
AREAL PLUS GROUP, SOLBY +
WESTBRAE PARTNERS, 19 SHC, CORP.,
601/1700 NBC, LLC, and THE ABRAMSON
LAW GROUP, PLLC,

        Defendants.
_____/

**ORDER DENYING ABRAMSON'S MOTION TO**
**DISMISS ADVERSARY PROCEEDING AND FOR ABSTENTION**

**THIS MATTER** came before the Court on Defendant The Abramson Law Group PLLC's ("Abramson['s]") Motion to Dismiss Adversary Proceeding and For Abstention (the "Motion") [ECF No. 23]. The Court has reviewed the parties' briefs, considered arguments of counsel at the March 6, 2014 hearing, and is otherwise duly advised. For the reasons stated below, the Court denies the Motion.

In its Motion, Abramson contends that Plaintiffs, Fisher Island Investments, Inc., Mutual Benefit Offshore Fund, Ltd., and Little Rest Twelve, Inc. (collectively, the "Alleged Debtors"), fail to state a claim for relief against Abramson because the allegations in the Complaint focus solely on the actions Abramson took on behalf of its clients, its co-Defendants[1] in these adversary proceedings. The Motion also requests that the Court abstain from exercising jurisdiction over this case. Abramson contends that, because the Alleged Debtors seek to enjoin the enforcement of certain "Confessions" of Judgment Abramson and its clients obtained against the Alleged Debtors in a New York state court (through what is known as "Article 78 proceedings"),[2] the Alleged Debtors claims should be heard in New York, not this Court.

I.   **The Complaint Sufficiently Alleges a Claim for Relief Against Abramson**

"In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept all factual allegations in a complaint as true and take them in the light most favorable to the plaintiff." *Pincus v. Law Offices of Erskine & Fleisher*, 617 F. Supp. 2d 1265,

---

[1]   The other Defendants are Areal Plus Group, Solby + Westbrae Partners, 19 SHC Corp., and 601/1700 NBC, LLC.
[2]   An Article 78 proceeding is akin to a mandamus action against New York officials to, for instance, order them to fulfill some legal obligation. *See Donnaruma v. Carter*, 969 N.Y.S.2d 755, 760 (Sup. Ct. Albany Cnty. 2013). After the New York Clerk originally refused to enter the Confessions of Judgment against the Alleged Debtors, Abramson sued the Clerk.

1268 (S.D. Fla. 2009). "'A complaint need not specify in detail the precise theory giving rise to recovery. All that is required is that the defendant be on notice as to the claim being asserted against him and the grounds on which it rests.'" *Id.*

Applying this standard, the Complaint contains allegations that are sufficient to sustain the Alleged Debtors' injunction claim against Abramson. *See id.* Indeed, many of Abramson's arguments regarding the sufficiency of the Alleged Debtors' factual allegations are contradicted on the face of the Complaint itself. For instance, Abramson argues that the "only allegations in the Complaint against [Abramson] amounts [sic] to nothing more than that it acted as attorneys for its clients . . . ." Motion, ¶ 7. However, the Complaint alleges, among other things, that Abramson *itself* failed to:

- "advise[] the Bankruptcy Court of those [New York] proceedings";
- "advise[]the Alleged Debtors of those proceedings"; and
- "alert[] the New York court of this bankruptcy proceeding, the dispute regarding the validity of the underlying debt, or the authenticity of the supporting documents."

Complaint, ¶ 38(a)-(e).[3]

---

[3] Abramson had an affirmative duty of disclosure and candor to both this Court and the New York court. *See Ocon v. Equinamics Corp.*, No. 08-1126, 2009 WL 405370, *1-2 (11th Cir. Feb. 19, 2009); *Malautea v. Suzuki Motor Co., Ltd.*, 987 F.2d 1536, 1546 (11th Cir. 2003); *In re Creative Desperation Inc.*, 415 B.R. 882, 898 (Bankr. S.D. Fla. 2009), S.D. Fla. Local Rule 3.8, Fla. Bar Rule 4-3.3(c); *see also Bansi v. Flushing Hosp. Med. Ctr.*, 832 N.Y.S.2d 399, 404 (Sup. Ct. 2007); *Red Apple Child Dev. Ctr. v. Cmty. Sch. Dist.*, 299 A.D.2d 274 (N.Y. App. Div. 1st Dep't. 2002); N.Y. R. Prof'l Conduct 3.3(d). Abramson also had a duty to notify the Alleged Debtors of its Article 78 proceedings. *See 166 E. 61st St. Tenants Ass'n v. N.Y. State Div. of Hous. & Cmty. Renewal*, No. 102320, 2008 WL 4367596, at *3, 873 N.Y.S.2d 235 (Sup. Ct. 2008) (holding that exclusion from Article 78 proceedings of interested parties, who received no notice from the Article 78 petitioner, "was a violation of due process").

Abramson also argues that "the Complaint contains no factual allegations that [Abramson] had any knowledge of the alleged dispute as to the validity or authenticity of the Note, Assignment or the Confession of Judgment." Motion, ¶ 10. But the Complaint states: "Gennady Sinski, Moshe Popack, Imedinvest, *and Abramson* were aware of, and in some cases, gave testimony in connection with, these involuntary bankruptcy proceedings." Complaint, ¶ 26 (emphasis added). This and other similar allegations must be accepted as true at this stage of the proceedings.

## II.    Abramson Is a Proper Party

Abramson also contends that it is not a proper party to these proceedings because, pursuant to New York procedure, it was not improper to initiate Article 78 proceedings in its own name, and, in this way, it merely obtained the Confessions of Judgment *on behalf of* its clients (as would normally be the case). The Court is unpersuaded by this argument. A review of the authority cited by the parties reveals that Abramson did not follow New York procedure in commencing the Article 78 proceedings because, among other reasons, it did not have standing to bring suit in its own name. To establish standing in an action against a government body, like the Article 78 proceedings at issue here, a petitioner must show that it will suffer an injury in fact that is distinct from that of the general public. *Matter of Transactive Corp. v. N.Y. State Dep't of Social Servs.*, 92 N.Y.2d 579, 587 (1998). In addition, to have standing to commence an action, a petitioner must demonstrate an "actual legal stake" in the outcome of the case and an injury in

---

When viewed in the light most favorable to the Alleged Debtors, the Complaint gives Abramson fair notice of the disclosure, candor, and notice grounds upon which its claim rests. *See Pincus*, 617 F. Supp. 2d at 1268. Specifically, the Complaint alleges that Abramson's "actions amount to an abuse of judicial process" and that Abramson erred by, among other things, not giving notice to the Alleged Debtors of the Article 78 proceedings. Complaint, ¶¶ 59, 38(b).

4

fact worthy and capable of judicial resolution. *Mittelmark v. Cnty. of Saratoga*, 85 A.D.3d 1359, 1360 (N.Y. Sup. Ct. 3d Dep't 2011); *Aiardo v. Town of E. Greenbush*, 64 A.D.3d 849, 851 (N.Y. Sup. Ct. 3d Dep't 2009). Here, Abramson had no distinct injury in fact or actual legal stake in the outcome of the Article 78 proceedings, and therefore, it should have petitioned the New York court in the name of its clients—the real parties in interest (allegedly)—rather than its own.[4] Having held itself out as having an interest in the Confessions of Judgment, Abramson may not now claim that it was merely acting for others because it has become convenient to do so.[5]

### III. Abstention Is Not Required or Warranted

Lastly, Abramson has not carried its burden of showing that mandatory abstention is warranted. Pursuant to 28 U.S.C. § 1334(c)(2), courts must abstain from hearing a state law claim if the party seeking abstention establishes that: "(1) The claim has no independent basis for federal jurisdiction, other than § 1334(b); (2) the claim is a non-core proceeding . . . .; (3) an

---

[4] To support its procedural claims, Abramson relies on a New York decision in which another law firm, in its own name, also commenced Article 78 proceedings to force a New York clerk to enter a confession of judgment for its client. *See* Abramson's Reply Brief, ECF 35 (citing *Gehring v. Goodman*, 884 N.Y.S. 2d 646 (Sup. Ct. N.Y. Cnty. 2009)). This decision does not change the Court's analysis. To begin with, it is not even clear whether the law firm in that case was the owner of the judgment or if it was acting on behalf of a client. Also, the court did not hold that the law firm invoked the *proper* procedure; that issue was not in dispute, as it is here (in fact, no opposition was filed at all). Lastly, other case law shows that Abramson could have brought the Article 78 petition in its clients' names. *E.g.*, *Pro Player Funding LLC v. Goodman*, No. 11408/1, 111409/11, 2011 WL 6330176 (Sup. Ct. N.Y. Dec. 9, 2011) (discussing Article 78 proceedings counsel brought in the name of its client for order instructing clerk of court to accept "confessional judgments").

[5] This Court also rejects Abramson's arguments regarding Rule 65, Fed. R. Civ. P. The fact that an agent may be bound to an injunction against its principal does not mean concurrent claims or injunctions against that agent are impermissible, especially where, as alleged here, the agent committed its misconduct in a manner distinct from its principal. Such an assertion would indeed be "dubious." *See Williams v. Poulous*, 11 F.3d 271, 283 (1st Cir. 1993). Abramson's Rule 65 argument also ignores yet another factual reality about the Complaint: The Complaint requests an injunction *and* damages against Abramson, so its presence as a named Defendant is not superfluous. Complaint, p. 10.

<>action has been commenced in state court; and (4) the action could be adjudicated timely in state court." *In re United Container LLC*, 284 B.R. 162, 171 (Bankr. S.D. Fla. 2002). Each of these requirements must be satisfied for mandatory abstention to apply. *Hillsborough Holdings Corp. v. Celotex Corp.*, 123 B.R. 1018, 1020 (M.D. Fla. 1990). The "mandatory abstention provisions should be narrowly construed and the abstention should be exercised sparingly and cautiously." *Id.*

The mandatory abstention factors are not met here. Most notably, mandatory abstention is not required because the Article 78 proceedings were commenced *after* the filing of the involuntary bankruptcy petitions in this Court to adjudicate the interests underlying the Confessions of Judgment.[6] *See In re Freeway Foods of Greensboro, Inc.*, 449 B.R. 860, 878 (Bankr. M.D.N.C. 2011) ("[A] case must be pending in state court prior to bankruptcy for mandatory abstention to apply.") (collecting cases); *see also* Collier on Bankruptcy ¶ 3.05[2] (Alan N. Resnick & Henry J. Sommer eds., 16th ed. 2006). And the determination of the validity of the alleged debts underlying those petitions is a core proceeding. *In re Loe*, No. 07–12045, 2007 WL 997581, at *1 (Bankr. S.D. Fla. Mar. 29, 2007). The validity of those interests will "determin[e] whether an order for relief should be granted in [the] involuntary case[s]" in favor of the petitioning creditors; thus it is a core proceeding in bankruptcy. *See id.*

In light of all the foregoing factors—especially the issues of candor raised in the Complaint—the Court similarly finds permissive abstention unwarranted in this case.

Therefore, it is **ORDERED** as follows:

1.     The Motion is **DENIED**.

---

[6]     The involuntary petitions in these underlying bankruptcy cases were filed on March 17, 2011. ECF No. 1:4. Abramson commenced its Article 78 proceedings *nine months later* on December 20, 2011. *See* ECF No. 1-4:2.

2. Abramson shall file its Answer to the Alleged Debtors' Complaint within 14 days from of the date of the entry of this Order.

###

Submitted by and Copy furnished to:

PATRICIA A. REDMOND, ESQ.
predmond@stearnsweaver.com
Stearns Weaver Miller Weissler
 Alhadeff & Sitterson, P.A.
Counsel for Alleged Debtors
Museum Tower, Suite 2200
150 West Flagler Street
Miami, Florida 33130
Phone: (305) 789-3553
Fax: (305) 789-3395

(Attorney Redmond is directed to serve a conformed copy of this Order upon interested parties and file a Certificate of Service.)